**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BALIL YUSEF BURTON, | : | Civil No. 11-4673 (RMB) |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
| ATLANTIC CTY JUSTICE FAC., | : |  |
| Defendants. | : |  |

**APPEARANCES**:

    BALIL YUSEF BURTON, #196760, Plaintiff <u>Pro Se</u>
    Atlantic County Justice Facility
    5060 Atlantic Ave
    Mays Landing, NJ 08330

**BUMB, District Judge**:

    Plaintiff, Balil Yusef Burton, a prisoner incarcerated at Atlantic County Justice Facility, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915, asserting violation of his rights under 42 U.S.C. §1983, against the Atlantic County Justice Facility ("ACJF").  This Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>.  <u>See</u> 28 U.S.C. § 1915(b).  Having reviewed Plaintiff's allegations, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Balil Yusef Burton brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the Atlantic County Justice Facility.  The statement of facts in the Complaint consists of the following:

> On June 22, 2011 I Balil Burton was housed in the G right pod of the Atlantic County Justice Facility. Once I went in my room to put my belongings away into cell #4 I was hit from behind by unknown person.  I was then on the ground when about another 4 or 5 unknown person came into my cell & started to jump me.  I then called for the C.O.'s who failed to come to my aid at the time.  One of the unknown person left the room then came back with a rope and I was tied up and beat for awhile longer.  Then another person ran outta [sic] the room and returned with a broom stick.  Then I had my pants and boxers removed where the gang of people tried to sexually assault me.  Officers failed to protect me & keep me safe.
>
>    *     *     *
>
> As correctional officers their job is to protect me and make sure of my saf[e]ty they failed to do so by not looking at the cameras & making pods runs as often as they should have.  Allowing me to get jump[ed] by a gang of people.

(Dkt. 1 at 4.)

Plaintiff seeks the following relief:  "I just want justice for my pain & suffering I've went threw and I want for the County to do its job and keep me safe."  (Dkt. 1 at 5.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action

in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Iqbal, 129 S. Ct. at 1949 (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 1948-

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

49. Rather, the facts set forth in the complaint must show that each government-official defendant, through the official's own individual actions, has violated the plaintiff's constitutional rights.  Id.  This Court must disregard labels, conclusions, legal arguments, and naked assertions.  Id. at 1949.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief", and will be dismissed.  Id. (citations and internal quotation marks omitted); see also Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947-48.

4

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

First, because a jail is not a "person," this Court will construe the defendant - Atlantic County Justice Facility - as the Atlantic County, New Jersey. See Boneberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir. 1997) (holding that, for purposes of § 1983, municipality and its police department are treated as a single entity). However, a local government entity "cannot be held liable solely because it employs a tortfeasor." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). Rather, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts

5

and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id.  Because Plaintiff's allegations do not show that the execution of a policy or custom adopted by Atlantic County inflicted any constitutional deprivation, the Complaint fails to state a claim against Atlantic County.  See Caldwell v. Egg Harbor Police Dep't, 362 Fed. App'x 250, 252 (3d Cir. 2010).  As the Complaint does not assert a cognizable claim against the only named defendant, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

Normally, a court will not dismiss a complaint without granting the plaintiff leave to amend.  However, a complaint is properly dismissed without granting leave to amend where the plaintiff could not cure the defects in the complaint by filing an amended complaint.  See Phillips v. County of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008).  In this case, it is not inconceivable that Plaintiff might be able to state a cognizable claim under § 1983 by either naming the officers who allegedly failed to protect him and/or asserting facts showing that a custom or policy of Atlantic County caused violation of Plaintiff's constitutional rights.  To guide Plaintiff,  this Court will explain the contours of the failure to protect standard under § 1983.

The Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates," Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)), which includes protecting "prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F. 3d 742, 746 (3d Cir. 1997) (citation omitted).  To state a failure to protect claim under § 1983, an inmate must assert facts showing:  (1) he is objectively "incarcerated under conditions posing a substantial risk of serious harm;" (2) defendant subjectively "knows of and disregards an excessive risk to inmate health or safety;" and (3) causation.  Farmer, 511 U.S. at 837.

Even if Plaintiff were to name the appropriate corrections officers as defendants, as written, his allegations do not satisfy the objective component because he does not allege facts showing that he was incarcerated under conditions posing a substantial risk of serious harm.  Plaintiff asserts only one incident and the objective component of a failure to protect claim is not generally satisfied by allegations of a single incident.  See Riley v. Jeffes, 777 F. 2d 143, 147 (3d Cir. 1985).  Plaintiff's allegations do not show that corrections officers saw the attack, could have intervened, but nevertheless failed to do so, and the allegations are consistent with a conclusion that the assault was unanticipated.

7

Nor do Plaintiff's allegations satisfy the subjective component.  For example, Plaintiff does not allege that he complained to any named defendant about any specific threat, or that he requested protection prior to the incident.  The facts alleged by Plaintiff do not show deliberate indifference.  See Farmer, 511 U.S. at 835 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of [unconstitutional] punishment"); Davidson v. Cannon, 474 U.S. 344 (1986) (prison official who "mistakenly believed that the situation was not particularly serious" did not deprive inmate of a liberty interest); Daniels v. Williams, 474 U.S. 327 (1986) (due process is not implicated by a state official's negligent act causing injury to an inmate).  However, in an abundance of caution, this Court will grant Plaintiff 30 days to file an amended complaint stating a failure to protect claim.[2]

---

[2] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint.  See 6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  Thus, if Plaintiff elects to file an amended complaint, it should be complete on its face.

## V. CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and dismiss the Complaint.

<u>s/Renée Marie Bumb</u><br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: <u>April 30, 2012</u>